# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:93-cr-00019-MR-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| GRADY WILLIAM POWERS, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Request for Clarification of Courts Intent" [Doc. 10].

The Defendant was sentenced to a term of 480 months' imprisonment in January 1994. [Doc. 1-1]. The Defendant now seeks credit for time spent on electronic monitoring while on pretrial release, and he moves this Court for "an order of clarification" that he may provide to the Bureau of Prisons (BOP) in order to demonstrate that the Court intended the Defendant to receive sentence credit for this period of time. The Defendant states that BOP is "willing to credit the time, it merely needs this Court[']s consent." [Doc. 10 at 1]. In support of his request, the Defendant attaches his request

to BOP for sentencing credit [Doc. 10 at 2], as well as BOP's response [Doc. 10 at 3].

While the Defendant asserts that the BOP is "willing to credit the time" and just needs a confirmation of the Court's intent regarding the sentencing credit, the BOP's response indicates otherwise. Specifically, the BOP informed the Defendant that it does not consider time spent under electronic monitoring "official detention" and suggests that if the Defendant believes that the Court intended for him to get sentencing credit for this period of time, he should file a motion for a reduction of his sentence in order to accommodate for this period under electronic monitoring.[1] [Doc. 10 at 3].

The BOP is correct that time spent under electronic monitoring does not meet the criteria of official detention, as it is a condition of release and not imprisonment. See United States v. Insley, 927 F.2d 185 (4th Cir. 1991). Further, the Judgment entered by this Court[2] does not reference any jail credit for the period of time during which the Defendant was under electronic monitoring. For these reasons, the Defendant's request for clarification must be denied.

---

[1] The Defendant does not move for an amended judgment or otherwise seek a reduction of sentence by the present motion, nor does it appear that there is any basis under the law for such a reduction at this time.

[2] The Honorable William L. Osteen, Sr. presided at the Defendant's sentencing. Judge Osteen is now deceased.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Request for Clarification of Courts Intent" [Doc. 10] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 11, 2016

Martin Reidinger
United States District Judge