# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:93-cr-00019-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GRADY WILLIAM POWERS, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for Sentence Reduction [Doc. 23]; the Government's Opposition to Defendant's Motion for Reduction in Sentence [Doc. 26]; the Government's Motion to Seal [Doc. 34]; the Defendant's Reply [Doc. 30]; and the Defendant's Motion for Appointment of Counsel [Doc. 31].

## I.   BACKGROUND

In September 1993, the Defendant was found guilty by a jury of ten counts of aggravated sexual abuse of a child under the age of 12, in violation of 18 U.S.C. § 2241(c).  [See Doc. 1 (Skeleton Docket Sheet) at 3]. As described in the Presentence Report, the Defendant had repeatedly raped his own biological daughter over the course of a year, when she was only nine and ten years old. [See Doc. 7: PSR at ¶¶ 6-11].  The statutory

maximum for each count was a sentence of life without parole. As calculated in the PSR, the Defendant's criminal history was Category IV and his total offense level was 42, resulting in a guidelines range of 360 months to life. [Id. at ¶¶ 150, 151]. In November 1993, the Court sentenced the Defendant to a total of 480 months' imprisonment. [Doc. 1-1 at 2].

The Defendant now moves for a compassionate release under 18 U.S.C. § 3582(c)(1)(A). [Doc. 23]. For grounds, the Defendant states that he is over the age of 65; that his "health is going bad"; and that he needs to be home in order to help care for his mother."[1] [Id. at 5]. The Defendant is currently incarcerated at FCI Edgefield, and his projected release date is September 12, 2027.[2]

The Court ordered the Government to respond to the Defendant's motion. [Text-Only Order entered Apr. 1, 2021]. The Government filed its response on April 21, 2021. [Doc. 26]. The Defendant subsequently filed

---

[1] Although the Defendant included in his compassionate release request to the warden that he was "subject to contracting" COVID-19 [Doc. 23-2], the Defendant does not raise the COVID-19 pandemic or his alleged susceptibility to the virus as a basis for his compassionate release motion currently pending before the Court. Even if he had raised such a basis, the Court notes that the Defendant has been fully vaccinated against the virus. [Doc. 27-1 at 72, 85, 86]. Thus, the Defendant appears to face little to no risk of contracting COVID-19 during his incarceration.

[2] See https://www.bop.gov/inmateloc/ (last visited May 26, 2021).

his Reply, along with a Motion for the Appointment of Counsel. [Docs. 30, 31].

## II.    DISCUSSION

### A.    Motion for Compassionate Release

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Defendant has exhausted the necessary administrative remedies. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must

also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. Specifically, the application notes to this policy statement set forth the various circumstances under which the Court can determine that "extraordinary and compelling reasons exist," including: the medical condition of the defendant, the age of the defendant, certain family circumstances, or other reasons. This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any*

extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant seeks a compassionate release due to the fact that he is over the age of 65; that he is in poor health; and that his mother needs caretaking. Section § 1B1.13 contemplates certain family circumstances can qualify as extraordinary and compelling reasons. See U.S.S.G. § 1B1.13, cmt.1(C) (finding extraordinary and compelling reasons upon the death or incapacitation of caregiver of the defendant's minor children or the incapacitation of the defendant's spouse when the defendant would be the only available caregiver). The Defendant's present family circumstances, however, do not meet these criteria.

The Defendant also cites his age and poor health as grounds for a reduction in sentence. However, the Defendant has not shown that his physical condition substantially diminishes his ability to provide self-care with the prison environment or that he is experiencing a serious deterioration in

physical or mental health because of the aging process.  See U.S.S.G. § 1B1.13, cmt.1(A), (B).

Even if any of these circumstances could be considered an extraordinary and compelling reason for is release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted.  See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's crimes were especially heinous and cruel.  The Defendant repeatedly raped his own prepubescent child over the course of almost a year, ending only when his actions came to light and the mother removed the child from him. Having heard the evidence at trial, the sentencing judge considered the statutory factors and imposed a sentence of 480 months, which was within the guidelines range of 360 months to life, but was significantly above the lower end of the range. That sentence reflected the seriousness of the offenses, provided just punishment, and promoted respect for the law. It also had a significant deterrent effect on future criminal conduct.   The Court finds that these factors apply as much today as they did on the day of sentencing, and the Defendant has not cited

6

any factors that would cause this Court to reconsider and reduce that sentence.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for a reduction in sentence is denied.

### B. Motion for Appointment of Counsel

The Defendant moves for the appointment of counsel to represent him in connection with filing a motion for compassionate release. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).

The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that

the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).

C. **Motion to Seal**

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 27] filed in support of its Response to the Defendant's motion. [Doc. 28].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on April 21, 2021, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's

competing interest in protecting the details of such information. See <u>United States v. Harris</u>, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Sentence Reduction [Doc. 23] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Appointment of Counsel [Doc. 31] is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal [Doc. 28] is **GRANTED**, and the medical records [Doc. 27] submitted in support of the Government's Response shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: May 31, 2021

Martin Reidinger
Chief United States District Judge