THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:93-cr-00019-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| GRADY WILLIAM POWERS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit [Doc. 37] for further consideration of the Defendant's "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)" [Doc. 23].

**I.    BACKGROUND**

In September 1993, the Defendant Grady William Powers was found guilty by a jury of ten counts of aggravated sexual abuse of a child under the age of 12, in violation of 18 U.S.C. § 2241(c). [See Doc. 1 (Skeleton Docket Sheet) at 3]. As described in the Presentence Report, the Defendant had repeatedly raped his own biological daughter over the course of a year, when she was only nine and ten years old. [See Doc. 7: PSR at ¶¶ 6-11]. The statutory maximum for each count was a sentence of life without parole. As

calculated in the PSR, the Defendant's criminal history was Category IV and his total offense level was 42, resulting in a guidelines range of 360 months to life. [Id. at ¶¶ 150, 151]. In November 1993, the Court sentenced the Defendant to a total of 480 months' imprisonment. [Doc. 1-1 at 2].

In March 2021, the Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). [Doc. 23]. For grounds, the Defendant states that he is over the age of 65; that his "health is going bad"; and that he "need[s] to be home in order to help care for [his] mother."[1] [Id. at 5]. The Government filed its response on April 21, 2021. [Doc. 26]. The Defendant subsequently filed his Reply. [Doc. 30].

The Court denied the Defendant's request for compassionate release on June 1, 2021. [Doc. 32]. The Defendant appealed. On November 16, 2022, the Court of Appeals vacated this Court's Order on the grounds that this Court did not reference any of the Defendant's post-sentencing conduct

---

[1] As previously noted [Doc. 32 at 2 n.1], the Defendant does not raise the COVID-19 pandemic or his alleged susceptibility to the virus as a basis for his compassionate release motion, although it was raised as a ground in his compassionate release request to the warden of his facility. [Doc. 23-2], Even if he had raised such a basis in his present motion, the Court notes that the Defendant has been fully vaccinated against the virus. [Doc. 27-1 at 72, 85, 86]. As the Defendant appears to face little to no risk of contracting COVID-19 during his incarceration, the Court does not find this to be a sufficient grounds for seeking compassionate release.

2

as raised in his Reply. [Doc. 37]. The Court of Appeals issued its mandate on December 8, 2022. [Doc. 38].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). As the Court noted in its prior Order [Doc. 32 at 3], the Defendant sufficiently exhausted his administrative remedies such that the Court can address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must

3

also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Although not binding on this Court, see United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020), the commentary to Sentencing Guidelines § 1B1.13 provides specific examples of grounds for release under § 3582(c)(1)(A). These include (1) a terminal illness; or (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). A defendant's age may also warrant compassionate release, if (1) the defendant is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75% of his term of imprisonment, whichever is less. Id., § 1B1.13 cmt. n.1(B).

In McCoy, the Fourth Circuit held that district courts are not limited to the grounds for compassionate release identified in § 1B1.13 and that the Court is "empowered . . . to consider *any* extraordinary and compelling

4

reason for release that a defendant might raise." Id. at 286 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)).  The Court must make an individualized determination that the defendant has identified an extraordinary and compelling reason for compassionate release, considering, for example, the length of time already served, any rehabilitative efforts made during the defendant's time in the Bureau of Prisons, the defendant's prior criminal history, and the defendant's age at the time he committed his offenses. See id. at 284.  The defendant bears the burden of establishing that he is eligible for a sentence reduction.  United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Here, the Defendant seeks compassionate release on the grounds that he is over the age of 65; that he is in poor health; and that his mother needs caretaking.  [Doc. 23 at 5].  He also cites his record of significant post-sentencing rehabilitation, including his lack of a disciplinary history, his record of steady employment, and his completion of numerous educational programs as grounds for release.  [Doc. 30].

With respect to his age and health, the record reflects that the Defendant is currently 70 years old.  As for chronic health conditions, the

Defendant stated in his compassionate release request to the warden that he has COPD and emphysema, as well as joint pain. [Doc. 23-2 at 2]. In his reply brief, the Defendant notes that he has been diagnosed with high blood pressure and high cholesterol, for which he has been provided medications. [Doc. 30 at 1-2; see also Doc. 27-1 at 76]. The BOP medical records provided by the parties indicate that the Defendant's lung problems appear to be well-managed, with no reports of acute attacks or distress, and with prescriptions for inhalers. [Doc. 27-1 at 1, 26, 39, 42-43, 47, 61]. The Defendant is also prescribed acetaminophen and Oxcarbazepine for his joint pain and Omeprazole for esophageal reflux. [Id. at 3, 5, 7, 9, 13, 17]. Although the Defendant is not in perfect health (as few men of his age are), his chronic conditions appear to be well-managed and under control. The Defendant has not articulated any reason for this Court to conclude that his health conditions are worsened by remaining in the BOP. Thus, the Court concludes that the Defendant's advanced age and health conditions do not constitute extraordinary and compelling reasons for a reduction in the Defendant's sentence.

The Defendant also cites his mother's need for caretaking as a grounds for his compassionate release request. [Doc. 23 at 5]. The

6

Defendant does not offer any details about his mother's situation, other than stating in his compassionate release request to the warden that his mother is "91 years old and dependent on a care giver." [Doc. 23-2 at 2]. The Defendant does not explain how his mother is currently being cared for, why his help is particularly required, or whether there are any other family members who could serve as caregivers in the Defendant's stead. As such, the Court finds that the Defendant's claim that he needs to help with his mother's care fails to constitute an extraordinary and compelling reason for his early release.

Finally, in his reply brief, the Defendant argues that he has been a "model inmate" during his nearly 30 years of incarceration [Doc. 30 at 1]; that he has been a "dedicated worker" with positive work evaluations [Doc. 30 at 4; Doc. 30-1]; and that he has completed a number of educational courses, including Bible study, wellness programs, and multiple units of correspondence studies [Doc. 30-3]. While the Defendant's efforts at rehabilitation are commendable, the number of work assignments and educational courses completed by the Defendant are not particularly remarkable, especially given the length of time he has been incarcerated. Moreover, Congress has made clear that rehabilitation alone "shall not be

7

considered an extraordinary and compelling reason" for a modification. 28 U.S.C. § 994(t). Even considering the Defendant's rehabilitative efforts in combination with the other grounds cited by the Defendant, however, the Court concludes that the Defendant has failed in carrying his burden of demonstrating extraordinary and compelling reasons for his early release.

Even if any of the grounds raised by the Defendant could be considered an extraordinary and compelling reason for the Defendant's release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

As the Court previously noted [Doc. 32 at 6-7], the Defendant's crimes were especially heinous and cruel. The Defendant repeatedly raped his own prepubescent child over the course of almost a year, ending only when his actions came to light and the mother removed the child from him. Having heard the evidence at trial, the sentencing judge considered the statutory factors and imposed a sentence of 480 months, which was within the guidelines range of 360 months to life, but was significantly above the lower end of the range. Upon careful review of the record, the Court agrees with

the sentencing judge that the sentence imposed adequately reflects the seriousness of the offenses, provides just punishment, promotes respect for the law, and provides a significant deterrent effect on future criminal conduct. The Defendant has not cited any factors that would cause this Court to reconsider and reduce the sentence as originally imposed.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for a reduction in sentence is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)" [Doc. 23] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 9, 2023

Martin Reidinger
Chief United States District Judge