THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:93-cr-00019-MR-WCM

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| GRADY WILLIAM POWERS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1) [Doc. 43] and the parties' motions to seal [Docs. 42, 50].

**I.  BACKGROUND**

In September 1993, the Defendant Grady William Powers was found guilty by a jury of ten counts of aggravated sexual abuse of a child under the age of 12, in violation of 18 U.S.C. § 2241(c).  [See Doc. 1 (Skeleton Docket Sheet) at 3].  As described in the Presentence Report (PSR), the Defendant had repeatedly raped his own biological daughter over the course of a year, when she was only nine and ten years old.  [See Doc. 7: PSR at ¶¶ 6-11]. The statutory maximum for each count was a sentence of life without parole. As calculated in the PSR, the Defendant's criminal history was Category IV

and his total offense level was 42, resulting in a guidelines range of 360 months to life. [Id. at ¶¶ 150, 151]. In November 1993, the Court sentenced the Defendant to a total of 480 months' imprisonment. [Doc. 1-1 at 2].

In March 2021, the Defendant filed his first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing his age, poor health, and the need to be home in order to help care for his mother. [Doc. 23]. The Court denied the Defendant's request for compassionate release on June 1, 2021. [Doc. 32]. The Defendant appealed. On November 16, 2022, the Court of Appeals vacated this Court's Order on the grounds that this Court did not reference any of the Defendant's post-sentencing conduct as raised in his Reply. [Doc. 37]. In an Order entered on January 9, 2023, the Court concluded that the Defendant had failed in carrying his burden of demonstrating extraordinary and compelling reasons for his early release and denied his motion. [Doc. 40 at 8].

In October 2023, the Defendant filed this second motion for compassionate release. [Doc. 43]. In his motion, the Defendant cites many of the same health concerns and claims that he has taken a "dramatic turn for the worse" since his previous motion. [Id. at 5]. He also cites the revised U.S.S.G. § 1B1.13 as a basis for his release. [Id. at 10]. The Government has filed a response in opposition [Doc. 48], and the Defendant has filed a

reply [Doc. 51]. Additionally, several members of the Defendant's family have submitted letters in support of the Defendant's request. [Docs. 39, 44-46].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant asserts that he has exhausted his administrative rights with the BOP, and the Government does not contest this assertion. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must

also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable.  Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions.  See U.S.S.G. § 1B1.13.  The Sentencing Commission amended § 1B1.13 effective November 1, 2023, to address the amendment to § 3582(c)(1)(A) authorizing courts to grant a motion for a sentence reduction based on a defendant's own motion.  The amended policy statement also sets forth a list of specified extraordinary and compelling reasons, considered either singly or in combination, that can warrant a reduction in sentence.  U.S.S.G. §§ 1B1.13(b)(1)-(6), (d).

Here, the Defendant cites a number of circumstances that he contends constitute extraordinary and compelling reasons for his early release.  [See Doc. 43 at 4-16].  The Court, however, need not address all of the reasons that the Defendant proffers.  Section 1B1.13(b)(2) states that extraordinary and compelling reasons exist for compassionate release where:

> The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

4

U.S.S.G. § 1B1.13(b)(2). Here, the Defendant is currently 71 years old and has served over 31 years in prison to date. Further, the medical records presented to the Court indicate that he is experiencing a serious deterioration in his physical health in recent years. The Defendant has a history of hypertension, COPD, emphysema, atherosclerosis, and other issues. [Doc. 43 at 3-5]. He was diagnosed with congestive heart failure and underwent triple bypass surgery in December 2022. [Id. at 26-28]. Post-operatively, the Defendant was diagnosed with poor wound healing, hematoma, and excessive drainage of the upper thigh harvest incision site, thereby requiring additional surgical procedures. [Id. at 36-42]. In February 2023, the Defendant was again admitted to the hospital on an emergency basis suffering from atrial fibrillation. [Id. at 45]. The Defendant was diagnosed at that time with cardiomegaly, with findings concerning congestive heart failure and fluid overload with small pleural effusion, as well as atrial fibrillation and an age-indeterminate inferior infarct. [Id.48-49]. Based on these recent developments, the Court finds that the Defendant has made a sufficient showing that he is experiencing a serious deterioration of his physical

condition due at least in part to the aging process.[1]  See U.S.S.G. § 1B1.13(b)(2).

Having determined that the Defendant has demonstrated extraordinary and compelling reasons, the Court next turns to the § 3553(a) factors to determine whether a sentence reduction is warranted.

As the Court previously noted, the Defendant's crimes were especially heinous and cruel. The Defendant repeatedly and violently raped his biological daughter, who was only 9 and 10 years old at the time, for nearly a year. To keep his daughter silent, he threatened to harm her and their entire family. [Doc. 7: PSR at ¶ 6]. His violent assaults of his minor child ended only when his actions came to light and the mother removed the child from him. [Id. at ¶ 7].

The Defendant argues that there is no risk that his release would cause any harm or risk of any further trauma to his victim because she has died of a drug overdose, as has her mother. [Docs. 43 at 18]. The Defendant fails to acknowledge, however, the years of psychological trauma that his

---

[1] The Defendant further contends that he is not receiving the necessary long-term or specialized medical care required to treat his various chronic conditions. [See Doc. 43 at 10 (citing U.S.S.G. § 1B1.13(b)(1)(C)]. The Court rejects this argument, as the BOP medical records demonstrate that the Defendant has received a number of interventions, including multiple trips to local hospital facilities, and that these conditions are being well-monitored and managed while in custody.

6

daughter and other members of his family suffered as a result of his actions, and he fails to acknowledge any connection between the physical and psychological harm he caused and his daughter's subsequent struggle with substance abuse, which tragically resulted in her death.

The Defendant again reiterates his efforts at rehabilitation while in prison, citing his lack of serious disciplinary infractions, his completion of several courses, and superior work and vocational training evaluations. [Doc. 43 at 13-14]. As the Court previously noted, the Defendant's efforts at rehabilitation are commendable but not particularly remarkable, especially given the length of time he has been incarcerated.

Having heard the evidence at trial, the sentencing judge considered the statutory factors and imposed a sentence of 480 months, which was within the guidelines range of 360 months to life, but was significantly above the lower end of the range. Upon careful review of the record, the Court agrees with the sentencing judge that the sentence imposed adequately reflects the seriousness of the Defendant's offenses, provides just punishment, promotes respect for the law, and provides significant deterrent effect on future criminal conduct. The Defendant has not cited any factors, including his rehabilitation efforts, that would cause this Court to reconsider and reduce the sentence as originally imposed.

7

In sum, while the Defendant has demonstrated extraordinary and compelling reasons for a sentence reduction, the Court finds that the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, in the exercise of its discretion, the Court denies the Defendant's second motion for compassionate release.

B.  **Motions to Seal Medical Records**

Both the Defendant and the Government move the Court for leave to file under permanent seal the BOP medical records [Docs. 41, 49] filed with respect to the Defendant's Motion for Compassionate Release on the grounds that such records contain highly personal and confidential material concerning the Defendant's medical conditions. [Docs. 42, 50].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motions. The Defendant filed his motion on October 26, 2023, and the Government filed its motion on November 17, 2023; both

8

motions have been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the parties' motions to seal [Docs. 42, 50] are **GRANTED**, and the medical records submitted by the parties [Docs. 41, 49] shall be sealed and shall remain sealed until further Order of this Court.

**IT IS FURTHER ORDERED** that the Defendant's "Motion for Sentence Reduction" [Doc. 43] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 15, 2024

Martin Reidinger
Chief United States District Judge

9

Case 2:93-cr-00019-MR    Document 52    Filed 01/16/24    Page 9 of 9